Brandon L. Jensen (NM Bar No. 21-261)
Karen Budd-Falen (pro hac vice pending)
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003
(307) 632-5105 Telephone
(307) 637-3891 Facsimile
brandon@buddfalen.com
karen@buddfalen.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NEW MEXICO CATTLE GROWERS ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>AGRICULTURE, UNITED STATES FOREST )<br>SERVICE, and UNITED STATES ANIMAL )<br>AND PLANT HEALTH INSPECTION )<br>SERVICE, )<br>)<br>Defendants. ) | Docket No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff New Mexico Cattle Growers' Association (Plaintiff), a membership organization advocating for the rights of cattle producers in New Mexico brings this Freedom of Information Act (FOIA) action against Defendants U.S. Department of Agriculture (USDA), U.S. Forest Service (USFS) and U.S. Animal and Plant Health Inspection Service (APHIS) (together, the Government) and alleges as follows:

**Controversy**

1. This action concerns the Governments' failure to timely respond to a FOIA request and the Governments' failure to produce public records within legally required time frames.

2. The requested documents directly pertain to the public's understanding of a decision made to lethally remove livestock from the Gila Wilderness area, and how that decision "benefits" the environment.

3. The requested documents from the Government by Plaintiff relate to the policies the Government has implemented when gathering livestock from vacant allotments.

4. As a membership organization comprised of cattle growers and feeders that advocates for livestock owners, Plaintiff has an interest in how the Government customarily manages branded and unbranded cattle in vacant allotments and how Defendants are potentially violating those policies with the decision to lethally remove such cattle. Plaintiff also has an interest in whether the Government will continue to make decisions like this in the future.

5. In 2022, the USFS used a decision memo to authorize the lethal removal of unbranded cattle in the Gila Wilderness area. The FOIA request at bar directly related to this decision/authorization. See Attachment 1. In February, 2022, pursuant to that decision memo, the Government aerially shot 65 livestock.

6. In February 2023, the Government sought new authority to lethally remove another 150 cattle from the Gila Wilderness Area. During the 2023 removal, the Government found only 19 head of cattle over 100,000 acres in the Gila Wilderness Area. Plaintiff has an interest in understanding past dealings with

    branded and unbranded cattle in vacant allotments to see if there is a risk of the Government continuing to lethally remove such cattle from the Gila Wilderness Area.

7. Plaintiff seeks to use the requested records to see the customary process that Government uses when handling branded and unbranded cattle in vacant allotments and how they were handled in this instance of removal.

8. As of May 8, 2023, Plaintiff asked the Government to produce all requested records ***over 432 days ago.*** Plaintiff is still waiting. The months-long delay and lack of communication regarding records related to past processes related to branded and unbranded cattle in vacant allotments is inappropriate given the Government lethally removed 65 head of cattle in 2022 and has now removed an additional 19 head from the Gila Wilderness Area after the records were requested.

9. Plaintiff asks that the Court issue an order directing the Government to promptly search for and produce all requested records in accordance with FOIA.

## Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11. Venue is proper in this Court under 5 U.S.C. § 1391(e)(2) because the Plaintiff represent ranchers in New Mexico. Additionally, upon information and belief, the majority of records requested by the instant FOIA are located within the State of New Mexico as the cattle removal actions occurred within the State of New Mexico.

## Parties

12. Plaintiff New Mexico Cattle Growers' Association (NMCGA) is a membership association formed in 1914. The mission of NMCGA is to advance and protect the cattle industry of New Mexico, work towards solutions of cattle industry problems, promote the well-being of the industry, provide an official and united voice on issues of importance to cattle producers and cattle feeders, and create and maintain an economic climate to obtain optimum return on their investments within the free enterprise system.

13. Defendant USDA is a federal agency within the meaning of FOIA. 5 U.S.C. § 552(f)(1).

14. Defendant USFS is a federal agency within the meaning of FOIA. 5 U.S.C. § 552(f)(1). Defendant USFS is also an agency under the USDA.

15. Defendant APHIS is a federal agency within the meaning of FOIA. 5 U.S.C. § 552(f)(1). APHIS is a federal agency under the USDA.

## The Freedom of Information Act

16. Congress enacted FOIA to protect the American people's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989) (internal quotations omitted). FOIA's basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Nat'l Labor Relations Bd. v. Robbins Tires & Rubber Co.*, 437 U.S. 214, 242 (1978). To this end, FOIA allows access to government information "long shielded unnecessarily from public view" and vindicates the public's right to "secure such information from possibly unwilling official hands." *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 80 (1973).

17. FOIA imposes strict deadlines on federal agencies once they receive a request for records. Specifically, within 20 working days of receiving a FOIA request, an agency must determine whether to disclose responsive records and must immediately notify the requester of its determination and the reasons therefore. 5 U.S.C. § 552(a)(6)(A)(i).

18. Such agency determinations must indicate the scope of the documents that the agency will produce and the exemptions it will claim with respect to any withheld documents. *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 185 (D.C. Cir. 2013). An adverse determination must inform the requester of its right to appeal the agency's determination. *Id*.

19. An agency may extend this 20-day period only in "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii), and only for a maximum of 10 working days. 5 U.S.C. § 552(a)(6)(B)(i); 15 C.F.R. § 4.6(d).

20. Upon receipt of a request, the Government's FOIA regulations require the agency to send an acknowledgment of the request to the requester. 15 C.F.R. § 4.7(a). The agency must also provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

21. The agency must then make the requested records "promptly" available unless it can establish that it may lawfully withhold records or portions of records from disclosure under narrowly defined FOIA exemptions listed in § 552(b). 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)(i). In doing so, it must make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D); 15 C.F.R. § 4.3(b). Promptly "typically would mean within days or a few weeks of a 'determination,'

not months or years." *Citizens for Responsibility and Ethics in Washington v. Federal Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

22. The United States district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## Statement of Facts

23. On February 22, 2022, Plaintiffs submitted a FOIA request to the USDA, USFS and APHIS via the FOIA Online website and email requesting certain information regarding aerial gunning of livestock in the Gila National Forest and Gila Wilderness that culminated on or about February 14, 2022.

24. On March 4, 2022, Plaintiff received a letter of acknowledgement from Tonya G. Woods, Director of the APHIS FOIA Office, acknowledging the receipt and processing of the FOIA request.

25. March 22, 2022 was the target response date. Plaintiff did not receive the requested documents on that date or a request to extend the response date.

26. On April 4, 2022 Plaintiff emailed a status request to the FOIA Administrative Office.

27. On May 19, 2022, Plaintiff received a response from Sophie Lau-Lopez regarding the April 4 status request. Plaintiff was informed that their records request was 9 of 26 in line for review.

28. On August 22, 2022 Plaintiff received a Status Update from Sophia Lau-Lopez stating that Plaintiff's request was number 6 of 19 in line for review.

29. On November 2, 2022, having received no further contact regarding the records request, Plaintiff requested a status update from the FOIA Administrative Office.

30. On December 6, 2022, still having received no response to a status update from November 2, 2022, Plaintiff emailed another status update request to the FOIA Administrative Office.

31. On December 12, 2022, Plaintiff received an email from Sophia Lau-Lopez stating that the Plaintiff's FOIA request was reassigned to Ms. Courtney Jackson, a different FOIA Specialist.

32. On December 15, 2022, Plaintiff received a status update from Courtney Jackson, stating that there were approximately 850 responsive pages related to the records requested and a determination would be made after the review was completed.

33. On January 31, 2023, again having received no further information regarding the FOIA request, Plaintiff emailed yet another status update request.

34. On February 1, 2023, Plaintiff received a Status Update in response to the January 10, 2023 request stating that there would be a determination on information requested by March 1, 2023.

35. On March 1, 2023, Plaintiff failed to receive a determination from the FOIA Office.

36. On March 15, 2023, Plaintiff received an email from Courtney Jackson stating that the documents from the APHIS Office were under review and that Plaintiffs would receive a determination on documents requested by March 31, 2023.

37. On March 31, 2023, Plaintiffs did not receive a determination regarding the documents requested.

38. On April 21, 2023, Plaintiffs again requested a status update regarding the records request.

39. On April 28, Plaintiffs received a status update stating that the records request was in the "final stage of review" and that the determination could be released "within the next two weeks."
40. As of this writing, Plaintiff has yet to receive a single record nor has the Government made a timely determination within the meaning of FOIA. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 182, 186 (D.C. Cir. 2012) ("CREW").

## First Claim for Relief

41. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.
42. Plaintiff properly requested public records within the Government's control and the Government has wrongfully withheld the requested records from Plaintiff.
43. After deciding to disclose responsible records in response to a FOIA request, FOIA requires the Government to promptly provide responsive records or any reasonably segregable portions of responsive records not subject to specified FOIA exemptions. In doing so, the Government must make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records responsive to the FOIA request.
44. The Government violated FOIA by failing to promptly produce all public records or to disclose reasonably segregable portions of lawfully exempt records that are responsive to Plaintiff's FOIA request.
45. The Government, on several occasions, also failed to comply with its own estimated date of completion or complete its response to Plaintiff's FOIA request.

46. Plaintiff has exhausted or is lawfully excused from exhausting any applicable administrative remedies.

47. Plaintiff is entitled to obtain the requested records immediately at no cost to Plaintiff.

### **Prayer for Relief**

WHEREFORE, Plaintiff asks that the Court enter judgment against the Government as follows:

1. Declare the Government violated FOIA by failing to timely produce all requested records;

2. Order the Government to conduct a reasonable search for all responsible records and promptly produce them and bear the costs of doing so;

3. Order the Government to promptly produce a log of any withheld records;

4. Award Plaintiff its reasonably incurred fees and costs.

5. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Brandon L. Jensen
Brandon L. Jensen (Federal Bar No. 21-261)
Karen Budd-Falen (*pro hac vice pending*)
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003
(307) 632-5105 Telephone
(307) 637-3891 Facsimile
brandon@buddfalen.com
karen@buddfalen.com

*Attorneys for Plaintiff*